BREAUX, J.
Plaintiff sues to recover the amount of certain bonds issued years ago by the parish of Concordia.
The plaintiff alleged: That he was the holder and owner of certain warrants or evidences of debt which he described, issued by the parish of Concordia for the construction, repair, and maintenance of its public levees in the years mentioned in pursuance of the laws of the state and of the ordinances of the police jury for said purpose. That by the provisions of the Act of 1829, p. 102, No. 31 (Rev. St. 1856, p. 501, § 118), the parish of Concordia had plenary and unlimited power to' make such enactments with regard to levees within its limits as might be deemed necessary and proper by its police jury, including the power to authorize the assessment and collection ol any taxes which might be deemed necessary to cover the expenses of leveeing any land included within its district, or other necessary work or expense authorized by any ordinance of said police jury.
That said pieces of scrip or warrants were issued under the authority of said act, in pursuance of the ordinance of the police jury, for the construction, repair, and maintenance of the levees, and were a charge upon the revenues, of the said parish to meet which taxes had been duly assessed; but that because of the ravages of war, and the emancipation of the slaves, and the general confusion and disorder which resulted, said taxes were never collected, or the revenues were not sufficient to defray said expenses, and the said parish ,of Concordia was not able to pay and discharge the obligations when due, but that, said obligations being valid and outstanding debts of the said parish of Concordia, the police jury of the said parish, by its ordinances of January 17 and May 29, 1866, waived prescription on said debts. That the said parish of Concordia, having no just defense to urge against a suit on said evidences of debt, and being further unable at that time to meet its obligations because of the depreciation in values which had resulted from the aforesaid war .and emancipation of the slaves. *547 contracted with petitioner and its other creditors for delay until such time as it might be in a condition, from the enhancement and recovery of values which was expected, and issued certain bonds (which he described) to petitioner, all dated January 1,1867, payable to bearer 12 years after date, or sooner, at -the pleasure of the parish, with 6 per cent, interest thereon, payable annually, as per coupons attached, to fund the debt of the parish, in accordance with an ordinance of the police jury passed on the 1st day of November, 1866, and amended by ordinance of January 22, 1867; all of which said bonds were duly executed and delivered to petitioner to fund the said scrip and warrants hereinbefore mentioned, and are now held by him, with said scrip and warrants, as evidences of said debts. That the said parish of Concordia defaulted in the payment of the interest on said bonds, and in October, 1877, the Supreme Court of the United States having decided in the case of The Parish of Tensas v. Britton & Koontz. 15 Wall. 566, 21 L. Ed. 251, that a recovery could not be had on bonds of that character, petitioner instituted suit against the parish of Concordia (not reported) in the Circuit Court of the United States for the district on both the original evidences of debt and the said bonds,' and said suit pended in said courts until it was dismissed by the Supreme Court for want of jurisdiction, ratione materim, in January, 1900.
He prayed that he have judgment against the defendant for the sum of $13,308.22, the amount of said bends, with 6 per cent, per annum interest from January 1, 1867, or that, if said bonds be ultra vires for want of power in said parish to so fund its said indebtedness, he have judgment against the defendant on the original evidences of debt for the sum of $13,554, with legal interest from January 20, 1863, and for the sum of $1,388.91, with 6 per cent, per annum interest from February 11, 1861, and for the sum of $200, with 8 per cent, per annum interest from December 9, 1861, and for the sum of $1,017.36, with legal interest from February 13, 1862, and for the sum of $100, with 8 per cent, per annum interest from December 9, 1861; that a writ of mandamus issue to the police jury of said parish commanding the levy and collection of such taxes as may have been originally assessed to pay and satisfy said debts at the time at which they were contracted, or that, if there was a deficiency, or for any reason the collection of such taxes may now be impossible, commanding the said police jury to assess and collect a tax sufficient to pay and satisfy said judgment, principal, ‘interest, and costs; and for general and • equitable relief in the premises.
The defendant pleaded the following exceptions:
First. That plaintiff’s petition sets forth no cause or right of action.
Second. That the alleged warrants, scrip, orders, and obligations sued on are prescribed by the prescription of three, five, and ten years, and that any waiver or renunciation of prescription on the alleged obligations sued upon was made after prescription had accrued, and the police jury had no power or authority to make such waiver or renunciation.
Third. The defendant pleads in bar of plaintiff’s demand res judicata and estoppel; that for the same cause of action between the defendant and the plaintiff, or his privies, in courts of competent jurisdiction, there have been final judgments in favor of defendant rejecting the demands set forth in plaintiff’s petition and in the suits hereafter described, which final judgments defendant pleads as res judicata and estoppel:
(a) The final judgment in favor of defendant in the case of the Police Jury v. G. M. Davis et al., No. 567 on the docket of the Thirteenth District Court for the parish of Concordia, state of Louisiana; said judg *549 ment rendered and signed October 1, 1879.
(b) Tbe final judgment in favor of defendant in the suit of Britton & Koontz v. Police Jury of Concordia Parish, No. 656 on the docket of the Thirteenth District Court in and for the parish of Concordia, state of Louisiana, which final judgment was rendered and signed on October 1, 1879.
(e) The final judgment in favor of defendant in the suit of Britton & Koontz v. Police Jury of Concordia Parish, No. 7,054 on the docket of the United States Circuit Court for the Eastern District of Louisiana, which judgment was rendered on March 31, 1876, and was affirmed by the United States Supreme Court on April 14, 1879.
For answer defendant pleaded, first, the general issue. It denied specially that the pretended warrants, scrip, or obligations were valid or legal obligations of the defendant parish.
It averred that the said parish, or its officers, agents, and representatives, were without authority to execute and issue said paper; that said alleged warrants, scrip, and obligations were not binding upon defendant, and constitute no indebtedness against this defendant, and were ultra vires.
It further specially averred that there were no means provided for the payment o'f the said alleged warrants or scrip, and under the ordinances creating such alleged warrants or scrip, and authorizing their issuance. Defendant further specially denied that there was any waiver or renunciation of prescription.
In view of the premises it prayed that the demand of plaintiff be rejected at his cost, and for full and general relief.
The district court rendered judgment rejecting plaintiff’s demand, and he appealed.
We, in the first place, will take up the plea of res judicata.
The questions raised, at any rate as relates to the amount of $13,550, by the demand of plaintiff in the present suit, have been heretofore decided against plaintiff, and the decision has the force and effect of res judicata, as made evident, we think, by the following statement:
All of the claims of plaintiff evidenced by paper promises to pay of the parish of Concordia were delivered to the firm of Britton & Koontz, bankers, of Natchez, Miss., for safe-keeping. •
Part of these claims (at least to the amount of $5,100) were owned by this firm. They brought' suit against the parish of Concordia for the amount they claimed in their own right, and they, without discriminating between their own claims and those which they held for plaintiff and others, included the claims of the latter — i. e., plaintiff’s here— for which they ask judgment in their own name.
They allege that they were the owners of all the bonds or other evidences of debt, while in reality, as before stated, they owned only a part. They prosecuted their suit to a final decision, and failed to obtain a judgment. •In the said decision it was held that.these claims were not valid obligations of the parish of Concordia; that they constituted no right upon which a valid judgment could be rendered against the parish.
The contention on the part of plaintiff is that no warrants of his were included in the former suit, except a warrant for $13,554, and that only to the extent of the interest of Britton & Koontz, to wit, $5,100.
We have not found that this (as contended for by plaintiff) is sustained by the evidence. It is evident, we think, that Britton & Koontz sued for the whole amount of paper in their hands due by the parish of Concordia. They undertook, as we take it, to protect and collect their own paper as well as that of their clients for whom they held this paper, including the warrants or bonds of plaintiff.
Their petition (that of Britton & Koontz) was for one hundred and thirty two thousand *551 odd dollars, which they allege were due them by the parish of Concordia. The amount was large enough to include the claims of many persons against the parish, including that of plaintiff.
■The following admissions made in one of the several suits by which plaintiff is bound, have some bearing upon the issues:
“Third. It is further admitted, after acquiring the documents sued on at the above sale, the plaintiff [Glass, who is plaintiff here] had the same funded into bonds under ordinance adopted by said P. J. November 1, 1866, and amended January 22, 1867; that the above-mentioned obligations sued on were by him delivered, in accordance with the provisions of said ordinance, to the banking house of Britton & Koontz, in the city of Natchez; that the document sued on for the sum of $13,554, beax-ing nxxmber 268 and the date January 20, 1863, was in the following form:
“ ‘Engineer’s Office, Parish of Concordia, January 20th, 1863.
■“ ‘To the Treasurer of the Parish of Concordia,
“ ‘Pay Matthew Carr or order, $13,554, and charge same to the account of the general levee fund. [Signed] Wm. Eustis, Levee Engineer.' "
And upon the back of said warrant was indorsed:
“ ‘Prescription of the within is ’ waived, per ox-dinance 29th May, 1866. [Signed] January 17th, 1866. George W. Green, President of Police Jury.’ ”
“That this document has been lost or mislaid by the said Bxltton & Koontz, and the plaintiff is unable to produce the same.” (Italics ours.)
From the foregoing it is evident that the papers, promises to pay of plaintiff, went into the hands of Britton & Koontz with his (plaintiff’s) knowledge and consent.
Plaintiff, in regard to the suit brought by Britton & Koontz against the parish of Concordia on their own paper and the paper of their clients, said, as a witness, that he (plaintiff) did not remember wlien he learned of this suit of Britton & Koontz; that he thought it was shortly after the suit had been filed, but that he did not learn -until after the suit had been finally determined that warrant 268, covering the $13,554, before mentioned, or any part thereof, was included in the suit; that he did not notify the parish of Concordia that he disapproved of the suit.
The papers in question were made payable to order. Upon them Britton & Koontz could bring suit (as they did), and stand in judgment. They (Britton & Koontz), as we have seen, had a joint interest with plaintiff, and, thus having brought a suit, have concluded plaintiff, who did not at any time choose to repudiate the action of those who had undertaken to act for him in their name, nor to-inform the parish of Concordia of his disapproval.
The owner and holder of paper in common with another, who institutes a suit for himself and the other owner, binds his principal when there is no fraud,or collusion in the act of suing, and when the principal has remained silent, although it is evident that he must have had some notice.
A very similar view was expressed in Johnson v. Weld, 8 La. Ann. 128.
Whatever may be the result of this litigation in so far as other paper promises to pay held by plaintiff are concerned, we are confident that as to the amount before mentioned —that is, the $13,554 — it is barred by the-plea of res judicata. The questions involved have been settled contradictorily with Britton & Koontz in the suit which they' brought against the parish of Concordia.
Britton & Koontz lost their suit, and with it also lost the claim of plaintiff here, which was cumulated or merged with their own. See Britton & Koontz v. Concordia, Record of Appeal, p. 367.
This brings us to a consideration of warrants Nos. 148, 150, 151, 199, 200, 201, and 214. As to these, the parish of Concordia sought by suit to have them canceled.
We compared the amount for which plaintiff asks judgment on these warrants with the amount of warrants as set forth in the inventory of Matthew Carr’s succession, from whom plaintiff derives title to these warrants, and found that they correspond. We- *553 infer that these (listed, on this inventory) are the remaining warrants claimed.
With reference to its large indebtedness, it appears that in 1876 the parish of Concordia instituted in its name suit against numerous parties, alleged holders of certain paper promises to pay, issued by its police jury, to obtain a decree contradictorily with nonresident creditors, including plaintiff in this suit. A curator was appointed to answer and defend the suit in their name. The judgment rendered in the suits' of the Police Jury v. G. W. Davis et al. and Britton & Koontz v. Police Jury, consolidated, rendered by the district court of Concordia parish October, 1879, are pleaded as res judicata as against these last evidences of indebtedness. Again, as we understand, Britton & Koontz appeared in this suit as holders of claims of a number of creditors of the parish of Concordia. But we leave that plea — that is, that of res judicata founded upon the judgment rendered in this case — without direct decision.
We pass this plea, and take up the next question, which is that the warrants are not on their face the representative of any value, and that these warrants and the bonds issued by the parish of Concordia are illegal.
The work for which these warrants were issued, or for which the bonds in question were issued, is not shown. In order to recover on the warrants, it must appear that particular work has been performed for which they were issued.
In the present situation of affairs, were we to decide that these warrants, or the bonds for which they were exchanged, are collectible, we would have to hold that of themselves they may be claimed as due, although it has been repeatedly decided by this court that they were admissible only in corroboration of the claim made for the amount they represent; in other words, this court has decided always that their consideration must be shown.
This was not done. These warrants are not identified with any particular work, save that they are levee warrants. From , the extent of work mentioned in the record, “levee warrant” is not identification. It was necessary to identify these warrants with the particular levee work done for which they were issued. We conclude on this point with the statement that the police jury of Concordia did not have the power to issue the instruments sued upon in this case. Citizens’ Bank v. Concordia, 28 La. Ann. 263; Breaux v. Iberville, 23 La. Ann. 234; Sterling v. West Feliciana, 26 La. Ann. 60.
Another ground of defense is that no provision was made to pay this debt at the time it was created.
At different dates the police jury took some action toward paying its indebtedness, without, however, adopting particular ordinances toward paying the amount now claimed. In the case of Young v. Concordia, 32 La. Ann. 394, who also held scrip or certificates of indebtedness of the parish of Concordia of the same class as those before us, issued to him, this court held that the police jury must provide for paying the debts when they create them. See, also, Police Jury v. Britton, 15 Wall. 569, 21 L. Ed. 251.
The plenary authority specially delegated (as plaintiff claims) to the parish of Concordia did not invest it (the parish) with the power to issue negotiable instruments. That point has been decided directly adverse to the contention of plaintiff here in the case of Young v. Parish of Concordia, cited supra. In that decision the two laws are reconciled — that of 1829 (Acts 1829, p. 102, No. 31) and the Revised Statutes, § 2786. The court holds that the parish, despite the law of 1829, is bound by the more recent statute of 1853 (Acts 1853, p. 234, No. 258).
Our consideration of the issues of this case *555 has not resulted in convincing us that the judgment rendered should be reversed.
It is therefore ordered, adjudged, and decreed that the judgment be affirmed.