(59 South. 247.)

No. 19,468.

KLEES et al. v. POLICE JURY OF PARISH OF ST. BERNARD.

(June 19, 1912.)

*(Syllabus by Editorial Staff.)*

1. PARISHES—TAXATION—BUDGET—CLERK OF COURT—EXPENSES OF OFFICE.

There being no law authorizing payment of salary or fees to the clerk of court in criminal matters, an appropriation in a parish budget of $300 for clerk of court was not sustainable on the theory that it was intended to be used for necessary repairs, or for proper expenses in the clerk's office in refiling and transcribing records, etc.; there being nothing to indicate such purpose in the budget.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 305; Dec. Dig. § 191.*]

2. JUSTICES OF THE PEACE (§ 15*)—SALARIES—CONTRACT—"GRADED."

The term "graded," as used in Const. art. 128, providing that justices of the peace and constables shall receive no fees in criminal matters, including peace bond cases, but in lieu thereof such salaries as may be fixed by the police jury and paid by the parish, which salaries shall be graded, means to allow a larger salary to one justice than to another according as he was liable to be called on to do more work than another, and such section not being self-executing, in that it prescribed no mode of grading, the making of a contract between the police jury and a particular justice of the

peace fixing the amount of his salary was a proper method of grading.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 24; Dec. Dig. § 15.*

For other definitions, see Words and Phrases, vol. 4, pp. 3141–3143; vol. 8, p. 7674.]

3. PARISHES—TAXATION—BUDGET — EXPENSE OF POLICE OFFICERS.

The police jury is without power to provide special officers to perform the duties imposed by law on sheriffs as conservators of the public peace, and, there being no such office as deputy constable, an award in a parish budget of $600 for constable (or deputy constable) and police officers was invalid; the valid award for constable being inseparable from the balance.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 305; Dec. Dig. § 191.*]

4. HEALTH (§ 7*) — HEALTH OFFICER — ADDITIONAL OFFICERS—APPOINTMENT.

Under Act No. 192 of 1898, § 4, as amended by Act No. 150 of 1902, § 3, providing that the chairman of the parish board of health shall be the health officer of the parish, the parish police jury has no jurisdiction to transfer any part of the duties of such officer to a sanitary officer and provide a tax in the budget for payment of his salary.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 6; Dec. Dig. § 7.*]

5. HIGHWAYS (§ 127*) — TAXATION — SPECIAL TAX.

Where a parish expense budget provided $5,000 each for two road districts, it must be presumed that, when the police jury came to levy the taxes necessary to meet the requirements of the budget, it would make a special levy for roads to the proper amount, under Act No. 24 of 1870, prohibiting the police jury from applying to roads any funds in the treasury not derived from a special road tax.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 384; Dec. Dig. § 127.*]

6. HIGHWAYS (§ 124*) — "SPECIAL TAX" — STATUTES.

The term "special tax," as used in Act No. 24 of 1870, prohibiting the police jury from applying to roads any funds in the treasury not derived from a special road tax, merely means a tax levied specially for road purposes.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 381; Dec. Dig. § 124.*

For other definitions, see Words and Phrases, vol. 7, pp. 6592, 6593.]

7. HIGHWAYS (§ 125*) — HIGHWAY TAXES — LIMITATION.

Const. art. 291, authorizing the police jury to set aside for roads at least one mill per annum of the tax levied by them, does not limit the appropriation and levy so as to pre-

vent the levy of more than one mill if the police jury so desire.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 382; Dec. Dig. § 125.*]

### 8. PARISHES—FUTURE INDEBTEDNESS — ROAD CERTIFICATES.

Const. art. 291, authorizes the levy of one mill per annum of the taxes levied by the police jury for road purposes, and Act No. 32 of 1902, § 2, as amended by Act No. 128 of 1910, prohibits the pledge of the credit of the parish in excess of revenues. Certain roadwork having been done in 1909, certificates were issued under an ordinance reciting that the work having been done under a contract, reciting that the $1,800 should be paid in cash, $4,430 out of the general ten-mill tax of 1911, and a like amount out of the ten-mill tax of 1912, and that the police jury obligated itself to levy for those years a sufficient mill tax out of the general ten-mill tax to cover the amount. *Held* that, under such ordinance, the obligations must be held to have been made payable out of the regular parish alimony for the years 1911 and 1912, which was an attempt to make a debt incurred in 1909 payable out of the parish alimony for later years, which the police jury had no jurisdiction to do.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 303, 304; Dec. Dig. § 190.*]

Appeal from Twenty-Ninth Judicial District Court, Parish of St. Bernard; R. Emmet Hingle, Judge.

Suit by John Klees and another against the Police Jury of the Parish of St. Bernard. From a judgment for defendant dissolving an injunction, plaintiffs appeal. Modified and affirmed.

Oliver S. Livaudais, for appellants. N. H. Nunez, for appellee.

PROVOSTY, J. Plaintiffs, taxpayers of the parish of St. Bernard, have enjoined the police jury of that parish from adopting the budget prepared by it and published for the year 1912. Plaintiffs' ground is that said budget contains various items, such as cannot legally form part of said budget. The said budget reads as follows:

"The Budget.

"On motion of Mr. Rene Estopinal, seconded by Mr. Nick Fernandez, be it resolved by the police jury of the parish of St. Bernard, that the following budget of probable expenses for

the year 1912 be and the same is hereby fixed as follows, to-wit:

| | |
|---|---:|
| Sheriff * * *.................... | $ 4,000 00 |
| District attorney .................. | 1,000 00 |
| Coroner and jail physician........ | 700 00 |
| Assessor ......................... | 1,200 00 |
| Registrar ........................ | 150 00 |
| Clerk of court.................... | 300 00 |
| Police jurors .................... | 500 00 |
| Official journal .................. | 600 00 |
| Jurors and witnesses.............. | 600 00 |
| Elections ........................ | 800 00 |
| Health officer .................... | 600 00 |
| Courthouse janitor ................ | 250 00 |
| Parish treasurer .................. | 1,200 00 |
| Secretary police jury............. | 800 00 |
| First ward justice of peace........ | 1,500 00 |
| First ward constable and police officer ......................... | 600 00 |
| First ward deputy constable and police officer ..................... | 600 00 |
| Second ward constable and police officer ......................... | 600 00 |
| Second ward deputy constable and police officer .................. | 300 00 |
| Third ward constable and police officer ......................... | 600 00 |
| Third ward deputy constable and police officer ................... | 300 00 |
| Fourth ward constable and police officer ......................... | 600 00 |
| Justices of the peace.............. | 300 00 |
| Contingent ....................... | 1,000 00 |
| First ward jail.................... | 400 00 |
| Courthouse fund .................. | 1,100 00 |
| Sanitary officer .................. | 1,200 00 |
| First road district............... | 5,000 00 |
| Second road district.............. | 5,000 00 |
| Pauly jail company's certificates... | 3,000 00 |
| Guerra certificates and interest.... | 4,815 00 |
| Guerra certificates and interest.... | 1,182 80 |
| M. C. Baker, interest on certificates | 297 62 |
| | $41,094 62 |

"Be it further resolved, that the secretary be instructed to publish the budget of probable expenses for thirty days in the official journal of this parish.                    Alcide Gutierrez

"Secretary Police Jury Parish of St. Bernard.
"March 23, 30. April 6, 20 and 27, 1912."

The first item opposed is that of clerk of court, $300.

[1] In defense of this item, the learned counsel for defendant says:

"Although there is no law which authorizes the payment of any salary or fees to the clerk of court in criminal matters, the police jury has the right and it is incumbent upon it to furnish the said clerk with ink and stationery and other incidentals, necessary for the running of his office, and they also have the right if they deem it advisable, especially when it be-

came necessary, to change the quarters of the said clerk and to provide for compensation for the redocketing and refiling of the records in the office, and that they also have the right, under the law, to provide for the payment for this work, and budgeting of such amount as may probably cover such expenses."

The only evidence in the record touching the uses to which said $300 is to be put is the following:

"It is admitted that the office of the clerk of court is badly in need of a new filing system and change to larger quarters where all records could be filed in such a way as to be easily accessible to the bar."

The object of publishing a budget is to inform the public what each item in the budget is for. If this item was for necessary repairs or proper expenses in the clerk's office, the budget should have so stated, or, in other words, given information as to what use the money was to be put to. In the present form the budget is entirely too vague upon this item.

[2] The next item is that of $1,500 for the justice of the peace of the First ward.

The Constitution (article 128) provides:

"Justices of the peace and constables shall receive no fees in criminal matters, including peace bond cases, but in lieu thereof, such salaries as may be fixed by the police jury, and paid by the parish, which salaries shall be graded."

The evidence on this point consists in the following admission:

"The item, 'First ward justice of peace, $1,500,' is budgeted under a contract by the police jury with the said justice of the peace to pay him a salary of $1,500 per year."

The contention is that, while the police jury may fix the salaries and grade them, it cannot enter into a contract with a particular justice of the peace to pay him a fixed sum.

We see in such a contract nothing more than a mode of fixing and grading the salary, and therefore conclude that the plaintiff's objection is unfounded.

Said article of the Constitution is said to be not self-executory because it does not prescribe the mode of grading. By "grading" is here meant to allow a larger salary to one justice than to another accordingly as he is liable to be called upon to do more work than another. We do not see why the police jury cannot do this under the authority given to it for the purpose by said article 128, without need of any further legislation. Hence the said article appears to us to be self-executory.

[3] The next items are those relating to the constables and police officers.

The objection is made that no law recognizes deputy constables, or authorizes the police jury to appoint police officers; that the duty of maintaining the peace in the country parishes devolves upon the sheriff, and cannot be transferred by the police jury to specially constituted police officers.

The evidence on this point is as follows:

"The amount of $600 budgeted for constable, deputy constables, and police officers is for the payment of salaries at the rate of $50 per month to these parties."

There can be no doubt that the police jury is without power to provide special officers to fulfill the duties imposed by law upon sheriffs as conservators of the public peace; and there can also be no doubt that the office of deputy constable is unknown to the law. That part destined to the constables, in this item, is valid; but inasmuch as it cannot be separated from the illegal part destined to deputy constables and police officers, the entire item must be stricken out.

[4] The next item is that of $1,200 for sanitary officer.

Act No. 192, p. 437, of 1898, § 4, as amended by Act No. 150, p. 266, § 3, of 1902, provides that the chairman of the parish board of health shall be "the health officer of the parish." We agree with counsel for plaintiff that the duties and functions of health officer thus by this statute imposed upon the chairman of the parish board of health can-

not be transferred in whole or in part by the police jury to some other functionary. It can be no more done in part than in whole.

[5] The next items opposed are the two of $5,000 each for the road districts.

The objection made to these items is that by Act No. 24, p. 47, of 1870, the police jury is prohibited from applying to roads any funds in the treasury not derived from a special road tax.

We do not understand that the police jury is undertaking, here, to apply to roads any fund in the treasury not derived from a special road tax. We assume that, when the police jury comes to levy the taxes necessary for meeting this budget, it will levy specially for roads such a proportion of its 10-mill alimony tax as will furnish this $10,000.

[6] By special tax for roads, the said Act No. 24 of 1870 means simply a tax levied specially for roads. When said act was passed, there was no limitation on the parochial power of taxation. Hence a special tax meant nothing more than a tax levied for a special purpose. The expression "special tax" now conveys the idea of a tax imposed in excess of the constitutional limitation, but it did not have that meaning in 1870 when said Act 24 was passed.

[7] In case more than one mill of the parish alimony tax of the ten mills is required for providing this $10,000, there will be no objection to a larger proportion of the ten-mill tax being devoted to that purpose. Article 291 of the Constitution does not stand in the way of this being done. Said article authorizes the police juries to set aside for roads "at least one mill per annum of the taxes levied by them." This does not mean that they may not set aside more than one mill if they so desire.

[8] The next items opposed are those of Guerra certificates and interest, $4,815; and ditto, $1,182.80.

These certificates were issued for road-work done by Guerra in 1909 under a contract which provided that $1,800 was to be paid cash, $4,430 "out of the general 10-mill tax of 1911," and a like amount "out of the general 10-mill tax of 1912"; and that the police jury "obligated itself to. levy for the years 1911 and 1912 a sufficient mill tax (out of the general 10-mill tax) to cover the said amount."

Police juries are prohibited by law from creating any debt without providing in the ordinance itself creating the debt the means of paying the same. Any debts sought to be created in violation of this prohibition are simply null and void and incapable of judicial enforcement. This is well-settled law. Citizens' Bank v. Town of Jennings, 107 La. 547, 32 South. 66; Glass v. Parish of Concordia, 113 La. 545, 37 South. 189. The corollary of this is that, if the provision made for the payment of the debt fails to meet the payment, the legal situation stands just as if no provision at all had been made; and the debt becomes null, and incapable of judicial enforcement.

The ground of the injunction in the present case is:

"That these items represent certificates issued by the police jury with pledge of excess revenues, in excess of amount as provided by section 2 of Act No. 32 of the General Assembly of 1902, as amended by Act No. 128 of 1910, and that if same can be paid at all it can only be paid out of the excess revenues, and that no special assessment or levy of tax can be made for the payment of same."

The only evidence bearing upon this point is the following admission:

"When the Baker and Guerra certificates were issued, which appear on the budget, that there was at the end of the years 1909 and 1911 no excess revenue over statutory, necessary, and usual charges of the year in which said certificates were issued, except that amount paid cash, according to the resolution to the said Guerra, copies of which resolution are hereto annexed."

In the ordinance creating the debt evidenced by these certificates the provision

made for payment is stated to be the engagement on the part of the police jury to levy a sufficient tax for the purpose out of the 10-mill alimony tax; whereas, in the petition for injunction, the debt is said to have been made payable out of future surplus revenues; and the case seems to have been tried on the assumption that the latter was true.

If the debts were made payable out of future surplus revenues (or, in other words, if the provision made for their payment, in the ordinance creating them, was the surplus revenues), it is perfectly evident that they cannot now be budgeted for out of the regular parish alimony.

If, on the other hand, they were made payable out of the parish alimony for the years 1911 and 1912, as is stated in the ordinance creating them, then it is perfectly evident that the certificate for $4,430, which was made payable out of the revenues of 1911, cannot be budgeted for out of the revenues of 1912.

We think that the ordinance creating these debts must be allowed to speak for itself, and that therefore these debts must be held to have been made payable out of the regular parish alimony for the years 1911 and 1912, and that the ordinance creating them was an attempt to make a debt incurred in the year 1909 payable out of the alimony of the parish for the years 1911 and 1912—which is a thing expressly prohibited by law. By Act No. 32, p. 39, of 1902, police juries are prohibited from making the debts of one year payable out of the alimony of another year, or, in other words, of creating debts predicated on future fixed revenues. In making provision for the payment of a debt, a police jury cannot attribute any part of the future fixed revenues of the parish to the payment of the debt, but only the future surplus revenues.

And what is here said touching the Guer-ra items applies with equal force to the M. C. Baker item of $297.62. For the same reasons stated in connection with the Guerra items, this Baker item is not a binding debt of the parish, and therefore cannot be budgeted for.

The judgment appealed from is affirmed except as to the following items: Clerk of court, $300; sanitary officer, $1,200; constable and police officers, $600; Guerra certificates and interest, $4,815.80; Guerra certificates and interest, $1,182.00; M. C. Baker, interest on certificates, $297.62. As to the items the said judgment is set aside, and the injunction is reinstated and perpetuated. Defendant to pay the costs of both courts.