Dear Ms. Gauthreaux:
Your request for an Attorney General's Opinion has been referred to me for research and response. As I understand it, you have asked two questions which are as follows:
 1. Do all justices of the peace in the same parish have to be paid the same or may they be paid according to some type of merit basis system?
 2. Do constables and justices of the peace have to receive the same salary?
The present law concerning salaries for justices of the peace and constables is found in LSA-R.S. 13:2589(A). This statute provides as follows:
 "Justices of the Peace and Constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded". (Emphasis Added).
The language of the present statute is almost identical to Article 7
Section 50 of the Louisiana Constitution of 1921, Article 128 of Louisiana Constitution of 1913, and Article 128 of Louisiana Constitution of 1898.
In the case of Klees et. al., v. Police Jury of Parish of St. Bernard,131 La. 263, 59 So. 247, the Supreme Court of Louisiana interpreted the language of Article 128 of the constitution of 1898 as follows:
 "Said article of the constitution is said to be self-executory because it does not prescribe the mode of grading. By "grading" is here meant to allow a larger salary to one justice than to another accordingly as he is liable to be called upon to do more work than another. We do not see why the police jury cannot do this under the authority given to it for the purpose by said Article 128, without need of any further legislation. Hence the said article appears to us to be self-executory."
Since the language of the present statute differs in no substantial way from the language of Article 128 of the Louisiana Constitution of 1898, since the present statute specifically retains the provision that the salaries shall be "graded", and because we are aware of no jurisprudence which is inconsistent with the holding in the Klees case, it is the opinion of this office that parish governing authorities are not required to pay all of their justices of the peace the same amount, and may "grade" justice of the peace salaries on such factors as the amount of work done by particular justices of the peace. This opinion is consistent with an opinion of this office dated May 4, 1965.
Your second question asks whether, constables and justices of the peace have to receive the same salary. Again referring to the present statute, the Articles to the previous Louisiana Constitutions mentioned above, and the Klees decision, we can see no reason why a distinction may not be drawn between justices of the peace and constables, in the same manner in which a distinction may be drawn between individual justices of the peace.
We also note that LSA-R.S. 13:2591, dealing with additional salary for justices of the peace and constables, provides a maximum supplement for justices of the peace which is twice that for constables. LSA-R.S.13:2589(A) and the previously cited constitutional provisions all specifically mention justices of the peace and constables in the same sentence and do not appear to make any distinction between the two positions as far as "grading" is concerned. Accordingly, it is the further opinion of this office that local governing authorities are not required to pay their constables the same amount as they pay their justices of the peace, and that the salaries of constables my be "graded".
I would remind you however, that minimum salaries for justices of the peace and constables are established by state law. Therefore justices of the peace and constables would have to receive as least the minimum statutory amount. Additionally, salaries of the present office holders could not be cut during their present term of office.
I trust that foregoing adequately answers the questions you have asked. However, if you need additional information, please do not hesitate to contact our office.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General